UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ERICK LEONARD BOYD,

        Plaintiff,

v.

A NATIVE TREE SERVICE, INC. D/B/A
NATIVE TREE SERVICE,
DAYNE TOMASETTI,
ANGELA TOMASETTI,

        Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff ERICK LEONARD BOYD ("Boyd") brings this action against Defendants A NATIVE TREE SERVICE, INC. D/B/A NATIVE TREE SERVICE ("NTS"), DAYNE TOMASETTI ("D. Tomasetti"), and ANGELA TOMASETTI ("A. Tomasetti") and alleges as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Boyd was a resident of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, NTS was a Florida corporation that regularly transacted business in Broward County, Florida.

4. D. Tomasetti is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of NTS, ran the day-to-day operations and had operational control over NTS, and was

directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Boyd.

5. A. Tomasetti is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of NTS, ran the day-to-day operations and had operational control over NTS, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Boyd.

6. NTS's business involves landscaping.

7. Defendants have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce including but not limited to computers, phones, pens, and paper.

8. Upon information and belief, NTS's gross sales or business done was in excess of $500,000 per year at all times material hereto.

9. NTS was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

10. Boyd worked for Defendants as a landscaper.

11. Defendants failed to pay Boyd's full and proper overtime wages.

12. Defendants knowingly and willfully refused to pay Boyd's legally-entitled wages.

13. Attached as **Exhibit A** is a preliminary calculation of Boyd's claims. These amounts may change as Boyd engages in the discovery process.

14. Boyd retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST ALL DEFENDANTS

15.  Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-14 above as if set forth herein in full.

16.  Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

17.  Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:    (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791